IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BOB DENHAM, ) | |
| ) | |
| Plaintiff ) | Cause No.: 2:16-cv-469 |
| ) | |
| vs. ) | |
| ) | |
| ADVICS MANUFACTURING INDIANA, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Bob Denham, is a resident of Vigo County in the State of Indiana and former employee of Defendant.

2. Defendant, Advics Manufacturing Indiana, LLC. (hereinafter "Advics"), is a corporation doing business and employer as defined by 42 U.S.C. § 2000e(b), 42 U.S.C. §1981 and (FLSA), which conducts business in the State of Indiana.

3. Mr. Denham filed a Charge of Discrimination (Charge 470-2016-01363) with the Equal Employment Opportunity Commission ("EEOC") on or about March 14, 2016 alleging, *inter alia*, that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, and retaliated based on his complaints of racial discrimination.

4. The Equal Employment Opportunity Commission issued to Mr. Denham a 90-day Right to Sue letter on September 28, 2016.

5. Mr. Denham invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## General Facts & Specific Allegations

7. Plaintiff, is an African-American male who entered into a contractual relationship with Defendant Advics to work as a machine operator/production employee.

8. Plaintiff has several serious health conditions that constitute a disability under the Americans with Disabilities Act, including ulcerative colitis, diabetes, high blood pressure, chronic back pain, and a torn Achilles tendon.

9. Throughout the course of Plaintiff's employment, he was subjected to a racially hostile work environment and pressured to perform duties outside the scope of his work restrictions.

10. Plaintiff complained to Defendant on several occasions that he felt he was being discriminated against based on his race and/or disabilities.

11. On or about January 15, 2015, Defendants terminated Plaintiff's employment without explanation after Plaintiff utilized bereavement leave to attend the funerals of two close family members.

## Count I

12. Plaintiff incorporates by reference Paragraphs one (1) through eleven (11) above.

13. Defendants discriminated against Mr. Denham on the basis of his race when it terminated his employment.

14. Mr. Denham's race was the motivating factor in Defendants' decision to terminate his employment.

15. These actions violated Mr. Denham's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

16. As a result of the foregoing, Mr. Denham has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

17. As a result of Defendants' actions, Mr. Denham has incurred attorney fees and costs.

18. Defendants' actions were done with malice or willful reckless disregard to Mr. Denham's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count II

19. Plaintiff incorporates by reference Paragraphs one (1) through eighteen (18) above.

20. Defendants discriminated against Mr. Denham on the basis of his race when it terminated his employment.

21. Mr. Denham's race was the motivating factor in Defendant's decision to terminate his employment.

22. Mr. Denham was treated less favorably than similarly situated white employees.

23. These actions were in violation of 42 U.S.C. § 1981.

24. As a result of the foregoing, Mr. Denham has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

25. As a result of Defendant's actions, Mr. Denham has incurred attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count III

26. Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) of his complaint for damages.

27. Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, specifically he suffers from ulcerative colitis, diabetes, high blood pressure, chronic back pain, and a torn Achilles tendon.

28. The Defendant was aware Plaintiff's disabilities and/or perceived disabilities and refused to provide reasonable accommodation when Plaintiff presented Defendant with his restrictions.

29. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

30. The Defendant was motivated by Plaintiff's disabilities and/or perceived disabilities refused to allow him to work, thereby terminating his employment.

31. Non-disabled employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

32. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

Count IV

33. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) above.

34. During his employment with Defendant, Plaintiff utilized approved Family Medical Leave.

35. Plaintiff suffered an adverse employment action when Defendant terminated his employment while he was on intermittent family medical leave.

36. Plaintiff:

    A. Was treated less favorably than employees who had not requested or were in need of leave under the FMLA; or

    B. Suffered an adverse employment decision because of his request or need for leave under the FMLA; or

    C. Suffered an adverse employment decision for taking leave under the FMLA and because of his perceived need for leave under the FMLA.

37. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

<u>Count V</u>

38. Plaintiff incorporates by reference Paragraphs one (1) through thirty-seven (37) above.

39. Defendants terminated Mr. Denham in retaliation for his complaints of discrimination based on race.

40. Mr. Denham's complaints of discrimination was the motivating factor in Defendants' decision to terminate his employment.

41. These actions violated Mr. Denham's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

42. As a result of the foregoing, Mr. Denham has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

43. As a result of Defendants' actions, Mr. Denham has incurred attorney fees and costs.

44. Defendants' actions were done with malice or willful reckless disregard to Mr. Denham's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

<u>/s/ Paul J. Cummings</u>
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

<u>/s/ Paul J. Cummings</u>
David M. Henn, 18002-49
Paul J. Cummings, 22713-41


HENN HAWORTH CUMMINGS & PAGE
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax